IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CHRISTINA ATHERTON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-962 |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| BRIAN SHAFFER and CHRISTOPHER ROBBINS, | ) | Re: ECF No. 8 |
| | ) | |
| | ) | |
| Defendants. | | |

## OPINION

**KELLY, Chief Magistrate Judge**

Presently before the Court is a Motion to Dismiss for failure to state a claim filed by Defendants Brian Shaffer and Christopher Robbins (collectively, "Defendants"). ECF No. 8. For the reasons that follow, the Motion to Dismiss is grant is part and denied in part

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Christina Atherton filed a Complaint on July 21, 2017. ECF No. 1. In the Complaint, Plaintiff makes the following allegations. On June 7, 2016, Plaintiff was leaving the grocery store where she was employed and, in doing so, made a left turn out of the parking lot towards the intersection of SR 66 and SR 128 ("the intersection"). Id. ¶ 8. The intersection is equipped with a preemptive emergency signal that is activated by the siren of an emergency vehicle. Id. ¶ 9. Plaintiff, who had a green light, proceeded through the intersection and turned left from SR 128 onto SR 66. Id. ¶ 10. As she crossed the intersection, Defendant Shaffer, a Pennsylvania State Police officer travelling in a marked cruiser, proceeded through a red light at the intersection at a high rate of speed and without activating his siren. Id. ¶¶ 6, 12, 15, 18. Plaintiff had no warning or advance indication of any kind that Defendant Shaffer was

proceeding through the intersection at a high rate of speed. Id. ¶ 15. Defendant Shaffer collided with the rear passenger-side quarter panel of Plaintiff's vehicle, propelling her vehicle forward and causing it to strike another motorist. Id. ¶¶ 12, 13. As a result of the accident, Plaintiff sustained a concussion and other injuries and her vehicle was damaged beyond repair. Id. ¶ 14. Due to her injuries, Plaintiff was forced to substantially reduce her working hours for approximately two months. Id. ¶ 26.

Defendant Robbins, also a Pennsylvania State Police officer, investigated the accident scene shortly after it occurred. Id. ¶¶ 7, 16. Defendant Robbins tested the preemptive emergency signal by activating his own cruiser's siren. Id. ¶ 17. The signal responded properly, changing the light from red to green as the cruiser approached the intersection. Id. Defendant Robbins concluded that the signal was in proper working order. Id.

Defendant Robbins charged Plaintiff with a violation of 75 Pa. Cons. Stat. Ann. § 3325(a), for failing to yield to an emergency vehicle. Id. ¶ 19. At some point after his investigation was complete, Defendant Robbins indicated to Plaintiff and/or Plaintiff's mother that he "had to" charge Plaintiff because his job was to protect the Commonwealth. Id. ¶ 21. Following a non-jury trial, Plaintiff was found not guilty of failure to yield to an emergency vehicle. Id. ¶ 25.

In Plaintiff's Complaint, she raised five counts. ECF No. 1. On September 28, 2017, Defendants filed the instant Motion to Dismiss and Brief in Support. ECF Nos. 8-9. On October 27, 2017, Plaintiff filed a Brief in Opposition to the Motion to Dismiss. ECF No. 15. In her Brief in Opposition, Plaintiff withdrew Counts I and IV (relating to malicious prosecution) of her Complaint. Id. at 1. Accordingly, the Court need only address the instant Motion to Dismiss as it concerns Counts II, III and V. Count II is a claim of reckless investigation under 42 U.S.C.

§ 1983 against both Defendants; Count III is a claim for conspiracy under 42 U.S.C. § 1983 against both Defendants; and Count V is a state law claim of negligence against Defendant Shaffer.

## II. STANDARD OF REVIEW

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F. 3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F. 3d 651, 653 (3d Cir. 2003)). A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler v. UPMC Shadyside, 578 F. 3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)).

## III. DISCUSSION

### A. Count II: Reckless investigation

In support of their Motion to Dismiss, Defendants argue that: (1) reckless investigation is not a recognized claim; and (2) assuming this claim is cognizable, Plaintiff has failed to plead sufficient facts to establish such a claim. ECF No. 9 at 6-8.

As to the first argument, this Court has recently explained:

> It is generally understood that the Third Circuit Court of Appeals has not explicitly recognized a claim for reckless investigation. K.L.Q. v. Plum Borough Sch. Dist., 2016 U.S. Dist. LEXIS 64908, 2016 WL 2892174, at *6 (W.D. Pa. May, 17, 2016) (Lenihan, M.J.). Further, the "'contours of a

3

stand-alone claim for failure to investigate are not well-defined within this Circuit.'" Kelly v. Jones, 148 F. Supp. 3d 395, 400 (E.D. Pa. 2015) (quoting Briscoe v. Jackson, 2 F.Supp.3d 635, 645 n. 5 (E.D. Pa. 2014)). Nonetheless, some courts have allowed such claims when a plaintiff shows that "'a police officer acted intentionally or recklessly, in a manner that shocks the conscience, in failing to investigate.'" Id. (quoting Thomas v. Stanek, 2015 U.S. Dist. LEXIS 21276, 2015 WL 757574, at *7 (W.D. Pa. Feb. 23, 2015) (McVerry, J.)). These claims are typically asserted under circumstances in which a police officer arrested the plaintiff without conducting an adequate investigation beforehand. "'Failure to investigate is considered in tandem with the strength or weakness of the probable cause evidence.'" Johnson v. Logan, 2016 U.S. Dist. LEXIS 171173, 2016 WL 7187842, at *6 (W.D. Pa. Dec. 12, 2016) (Bissoon, J.) (quoting Stanek, 2015 U.S. Dist. LEXIS 21276, 2015 WL 757574, at *7).

Doe v. Plum Borough Sch. Dist., Civ. A. No. 17-32, 2017 U.S. Dist. LEXIS 129464, at *11-13 (W.D. Pa. Aug. 15, 2017).

Thus, while Defendants are correct that the United States Court of Appeals for the Third Circuit has not recognized a claim for reckless investigation, this Court has done so in other cases. Accordingly, Plaintiff's claim for reckless investigation will not be dismissed on this basis.

As to the second argument, Defendants assert that Plaintiff has failed to allege facts which could establish a claim of reckless investigation where: (1) she was not arrested; (2) the investigation of a traffic violation could not be conducted in a manner that would shock the conscience; and (3) the investigation was not conducted in a manner that would shock the conscience. ECF No. 9 at 7.

At this early stage of the case, accepting all alleged facts as true and drawing all inferences gleaned therefrom in the light most favorable to Plaintiff, the Court finds that she has alleged enough facts to state a claim to relief that is plausible on its face. Accordingly, the Motion to Dismiss is denied as to Count II.

## B. Count III: Conspiracy

In support of their Motion to Dismiss Count III, Defendants argue that Plaintiff fails to make factual allegations of an agreement between Defendant Shaffer and Defendant Robbins.[1] ECF No. 8 at 14. As this Court has explained:

> [i]n order to make out a claim for conspiracy pursuant to 42 U.S.C. § 1983, a plaintiff must allege conspiracy with particularity even though a heightened pleading standard generally does not apply to civil rights actions against individual defendants, Bieros v. Nicola, 860 F.Supp. 223, 225 (E.D. Pa. 1994) (citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)). "To plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." See, e.g., Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989), abrogated on other grounds by Beck v. Prupis, 529 U.S. 494, 120 S.Ct. 1608, 146 L.Ed.2d 561 (2000). Further, in light of Twombly and its progeny, there must be "'enough factual matter (taken as true) to suggest that an agreement was made,' in other words, 'plausible grounds to infer an agreement.'" Great Western Mining & Mineral Co., 615 F.3d 159, 178 (3d Cir. 2010) (quoting Twombly, 550 U.S. at 556).

Harris v. Hyde, Civ. A. No. 15-39J, 2016 U.S. Dist. LEXIS 128619, at * (W.D. Pa. Sept. 21, 2016) (quoting Smith v. Ketchum, Civ. A. No. 13-700, 2014 U.S. Dist. LEXIS 113387 (W.D. Pa. Aug. 15, 2014)).

In opposition to the Motion to Dismiss, Plaintiff points to the fact that Defendant Robbins interviewed Defendant Shaffer as part of his investigation. ECF No. 15 at 5. Plaintiff does not set forth the location of this factual allegation in her Complaint, nor could she, because no such allegation is contained in the Complaint. Nonetheless, even if Plaintiff had alleged the existence of an interview by the investigating officer of one of the two parties involved in the accident, such an allegation would fall far short of establishing that a conspiracy emerged from that

---

[1] Defendants also argue that Count III should be dismissed if both Counts I and II are dismissed. ECF No. 9 at 8. Because the Motion to Dismiss has been denied as to Count II, this argument need not be addressed.

interview. Such a speculative conclusion cannot be inferred therefrom. The averments of Count III lack the requisite particularity to make out a conspiracy claim. Accordingly, the Motion to Dismiss is granted as to Count III.

### C. Count V: Negligence

As to Count V, Defendants argue only that if all of Plaintiff's federal claims are dismissed, the Court should decline to exercise jurisdiction over this claim. Because Plaintiff's federal claim at Count II was not dismissed, Count V will not be dismissed on that basis.

### ORDER

AND NOW, this 5th day of December, 2017, IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants Brian Shaffer and Christopher Robbins, ECF No 8, is GRANTED as to Count III and DENIED as to Counts II and V. The case will proceed as to Counts II and V only.

To the extent that Plaintiff believes she can allege sufficient additional facts to cure the deficiencies in pleading as to Count III, she may file an Amended Complaint by January 5, 2018.

Further, Counts I and IV are dismissed as Plaintiff has withdrawn these claims. ECF No. 15 at 1.

BY THE COURT:

*[signature]*

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF