IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA ATHERTON, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 17-962 |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) |
| BRIAN SHAFFER and CHRISTOPHER ROBBINS, | ) Re: ECF No. 20 |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Presently before the Court is a Motion to Reconsider Motion to Dismiss for Failure to State a Claim, ECF No. 20, in which Defendants Brian Shaffer and Christopher Robbins ("Defendants") seek for this Court to reconsider its decision, ECF No. 16, as to their Motion to Dismiss, ECF No. 8, in light of an intervening change in the law. Also before the Court is Defendants' Brief in Support of their Motion to Reconsider, ECF No. 21, and a Brief in Opposition filed by Plaintiff Christina Atherton ("Plaintiff"), ECF No. 27.

This Court will decline reconsideration of a prior decision unless there is or has been: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Golon, Inc. v. Selective Ins. Co., No. 17-CV-0819, 2017 U.S. Dist. LEXIS 213966 (W.D. Pa. Dec. 14, 2017).

In the relevant portion of Motion to Dismiss, Defendants argued that Count II, a claim for reckless investigation, should be dismissed because reckless investigation is not a recognized claim in the Third Circuit. ECF No. 9 at 6-7. Upon review of this argument, this Court held:

As to [this] argument, this Court has recently explained:

> It is generally understood that the Third Circuit Court of Appeals has not explicitly recognized a claim for reckless investigation. K.L.Q. v. Plum Borough Sch. Dist., 2016 U.S. Dist. LEXIS 64908, 2016 WL 2892174, at *6 (W.D. Pa. May, 17, 2016) (Lenihan, M.J.). Further, the "'contours of a stand-alone claim for failure to investigate are not well-defined within this Circuit.'" Kelly v. Jones, 148 F. Supp. 3d 395, 400 (E.D. Pa. 2015) (quoting Briscoe v. Jackson, 2 F.Supp.3d 635, 645 n. 5 (E.D. Pa. 2014)). Nonetheless, some courts have allowed such claims when a plaintiff shows that "'a police officer acted intentionally or recklessly, in a manner that shocks the conscience, in failing to investigate.'" Id. (quoting Thomas v. Stanek, 2015 U.S. Dist. LEXIS 21276, 2015 WL 757574, at *7 (W.D. Pa. Feb. 23, 2015) (McVerry, J.)). These claims are typically asserted under circumstances in which a police officer arrested the plaintiff without conducting an adequate investigation beforehand. "Failure to investigate is considered in tandem with the strength or weakness of the probable cause evidence.'" Johnson v. Logan, 2016 U.S. Dist. LEXIS 171173, 2016 WL 7187842, at *6 (W.D. Pa. Dec. 12, 2016) (Bissoon, J.) (quoting Stanek, 2015 U.S. Dist. LEXIS 21276, 2015 WL 757574, at *7).

Doe v. Plum Borough Sch. Dist., Civ. A. No. 17-32, 2017 U.S. Dist. LEXIS 129464, at *11-13 (W.D. Pa. Aug. 15, 2017).

Thus, while Defendants are correct that the United States Court of Appeals for the Third Circuit has not recognized a claim for reckless investigation, this Court has done so in other cases. Accordingly, Plaintiff's claim for reckless investigation will not be dismissed on this basis.

ECF No. 16 at 3-4.

In support of the instant Motion, Defendants assert that, "... on January 22, 2018, the Third Circuit spoke on this matter." ECF No. 21 at 1. Defendants assert that this Court should reconsider its holding on the above-described issue in light of what they concede to be dicta in a footnote in non-precedential opinion from the United States Court of Appeals for the Third Circuit, Johnson v. Logan, No. 17-1090, 2018 U.S. App. LEXIS 1468 (3d Cir. Jan. 22, 2018).

2

In <u>Johnson</u>, the Third Circuit, *inter alia*, affirmed the grant of summary judgment to the defendants on a reckless investigation claim on factual grounds. <u>Johnson</u>, 2018 U.S. App. LEXIS at *5. In a footnote following the holding, the Court stated, "We note, <u>without deciding</u>, that we have significant doubts about whether there is an independent substantive due process right to be free from a reckless investigation." <u>Id.</u> n.9 (emphasis added).

Because the <u>Johnson</u> Court made no decision on the viability of a cause of action for reckless investigation, <u>Johnson</u> provides no intervening change in the law upon which this Court could grant the instant Motion for Reconsideration. Accordingly, the Motion is denied.

Dated: February 14, 2018

BY THE COURT:

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF

3