IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA ATHERTON, | )<br>) |
| Plaintiff, | )<br>) Civil Action No. 17-962<br>) Magistrate Judge Maureen P. Kelly |
| v. | )<br>) |
| BRIAN SHAFFER and CHRISTOPHER ROBBINS, | ) Re: ECF No. 41<br>)<br>) |
| Defendants. | |

## OPINION AND ORDER

Presently before the Court is a Motion for Summary Judgment filed by Defendants Brian Shaffer and Christopher Robbins (collectively, "Defendants"). ECF No. 41. For the reasons that follow, the Motion for Summary Judgment will be granted.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Christina Atherton ("Plaintiff") filed a Complaint in which she raised five counts. ECF No. 1. Plaintiff subsequently withdrew two counts (related to malicious prosecution), ECF No. 15 at 1, and another count (conspiracy) was dismissed in the disposition of Defendants' Motion to Dismiss, ECF No. 16 at 6. The two counts remaining are: Count II, a claim of reckless investigation under 42 U.S.C. § 1983 against both Defendants; and Count V, a state law claim of negligence against Defendant Shaffer.

In support of their Motion for Summary Judgment, Defendants filed a Brief, a Concise Statement of Material Facts, and an Appendix to the Motion. ECF Nos. 42, 44-45. The parties filed a Joint Concise Statement of Material Facts. ECF No. 43. In opposition to the Motion for Summary Judgment, Plaintiff filed a Brief, a Counter Statement of Material Facts, and an Appendix to the Counter Statement and Brief. ECF Nos. 48-50. Defendants filed a Response to

1

Plaintiff's Counter Statement of Material Facts. ECF No. 51. The Motion for Summary Judgment is now ripe for consideration.

## II. STANDARD OF REVIEW

Summary judgment may only be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Pursuant to Rule 56, the Court must enter summary judgment against the party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In evaluating the evidence, the court must interpret the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 288 (3d Cir. 2018).

In ruling on a motion for summary judgment, the court's function is not to weigh the evidence, make credibility determinations, or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000) (citing decisions); Anderson v. Liberty Lobby, 477 U.S. 242, 248-49 (1986); Simpson v. Kay Jewelers, Div. of Sterling, Inc., 142 F.3d 639, 643 n.3 (3d Cir. 1998). The mere existence of a factual dispute, however, will not necessarily defeat a motion for summary judgment. Only a dispute over a material fact—that is, a fact that would affect the outcome of the suit under the governing substantive law—will preclude the entry of summary judgment. Liberty Lobby, 477 U.S. at 248.

## III. FACTUAL BACKGROUND

The parties agree on the following facts. On June 7, 2016, Plaintiff, who was 19 years old, was driving on Fort Run Road crossing PA 66 towards PA 128. ECF No. 43 ¶ 1. Plaintiff had a green light. Id. ¶ 2. Defendant Brian Shaffer ("Shaffer"), a Pennsylvania state trooper, approached the intersection with Fort Run Road on his left. Id. ¶ 4. Shaffer, who was responding to an emergency call, had his lights on as he approached the intersection. ECF No. 44 ¶ 2; ECF No. 49 ¶ 2. Shaffer had a red light. ECF No. 43 ¶ 2. Plaintiff saw the red and blue lights from Shaffer's vehicle as she was crossing the intersection. ECF No. 44 ¶ 20; ECF No. 49 ¶ 20. Nearly immediately, Shaffer's vehicle impacted Plaintiff's vehicle near Plaintiff's right rear wheel. Id. ¶ 21. Plaintiff's vehicle spun and struck a vehicle driven by Cathy Thiry ("Thiry"), who was stopped at the green light on the opposite side of PA 66. ECF No. 43 ¶ 7.

Defendant Christopher Robbins ("Robbins"), another state trooper, arrived at the scene and interviewed Plaintiff in the back of an ambulance. Id. ¶ 8. At the conclusion of his investigation, Robbins issued Plaintiff a traffic ticket for failure to yield to an emergency vehicle. Id. ¶ 11. Plaintiff was found guilty of the offense before a district magistrate, but was found not guilty before a judge on appeal. ECF No. 44 ¶ 50; ECF No. 49 ¶ 50.

## IV. DISCUSSION

### A. Count II - Reckless investigation

#### 1. Fourteenth Amendment

Plaintiff's reckless investigation claim is brought under the Fourteenth Amendment. ECF No. 1 at 7-9. The United States Court of Appeals for the Third Circuit has explained that a claim for reckless investigation, if cognizable at all, could arise only under the Fourth Amendment:

> Although Geness purports to state a claim for reckless investigation under the Due Process Clause of the Fourteenth Amendment, such a claim, if cognizable, could only arise under the Fourth Amendment. See Manuel v. City of Joliet, 137 S. Ct. 911, 919, 197 L. Ed. 2d 312 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment."); accord Albright v. Oliver, 510 U.S. 266, 274, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (plurality opinion).

Geness v. Cox, 902 F.3d 344, 354 n.5 (3d Cir. 2018).

Following Geness, this Court has dismissed claims of reckless investigation arising under the Fourteenth Amendment. Schneider v. Meinert, Civ. A. No. 18-64, 2019 U.S. Dist. LEXIS 46794, at *12-13 (W.D. Pa. Mar. 21, 2019); Weimer v. Cty. of Fayette, Civ. A. No. 17-1265, 2018 U.S. Dist. LEXIS 156659, at *29 (W.D. Pa. Sept. 14, 2018). Accordingly, Defendants are entitled to judgment as a matter of law on Count II - Plaintiff's claim of reckless investigation under the Fourteenth Amendment.

### 2. Fourth Amendment

Although Plaintiff's Complaint was filed in July 2017, ECF No. 1, Plaintiff now requests, in light of the above-described developments in the law, to be granted the opportunity to amend her Complaint to plead reckless investigation under the Fourth Amendment. ECF No. 48 at 11 n.5. This Court has the discretion to deny a request to amend if the amendment would be futile. Jang v. Boston Sci. Scimed, Inc., 729 F.3d 357, 367 (3d Cir. 2013). Because the Court finds that Defendants would be entitled to judgment as a matter of law on the bases of both qualified immunity and the merits of such a claim, it would be futile for Plaintiff to amend her Complaint.

This Court has set forth the following relevant legal considerations for a claim of reckless investigation:

> It is generally understood that the Third Circuit Court of Appeals has not explicitly recognized a claim for reckless investigation. K.L.Q. v. Plum Borough Sch. Dist., 2016 U.S. Dist. LEXIS 64908, 2016 WL 2892174, at

4

*6 (W.D. Pa. May 17, 2016) (Lenihan, M.J.). Further, **the "'contours of a stand-alone claim for failure to investigate are not well-defined within this Circuit.'"** Kelly v. Jones, 148 F. Supp. 3d 395, 400 (E.D. Pa. 2015) (quoting Briscoe v. Jackson, 2 F.Supp.3d 635, 645 n. 5 (E.D. Pa. 2014)). Nonetheless, some courts have allowed such claims when a plaintiff shows that "'a police officer acted intentionally or recklessly, in a manner that shocks the conscience, in failing to investigate.'" Id. (quoting Thomas v. Stanek, 2015 U.S. Dist. LEXIS 21276, 2015 WL 757574, at *7 (W.D. Pa. Feb. 23, 2015) (McVerry, J.)). These claims are typically asserted under circumstances in which a police officer arrested the plaintiff without conducting an adequate investigation beforehand. "'Failure to investigate is considered in tandem with the strength or weakness of the probable cause evidence.'" Johnson v. Logan, 2016 U.S. Dist. LEXIS 171173, 2016 WL 7187842, at *6 (W.D. Pa. Dec. 12, 2016) (Bissoon, J.) (quoting Stanek, 2015 U.S. Dist. LEXIS 21276, 2015 WL 757574, at *7).

Doe v. Plum Borough Sch. Dist., Civ. A. No. 17-32, 2017 U.S. Dist. LEXIS 129464, at *11-13 (W.D. Pa. Aug. 15, 2017) (emphasis added).

### a. Qualified immunity

The ill-defined contours of a claim for failure to investigate would trigger a finding of qualified immunity. As the United States Court of Appeals for the Third Circuit has explained:

> Qualified immunity operates to protect a public official from civil liability — even litigation — so long as he did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). To determine the doctrine's applicability, a court must ascertain whether the facts shown by the plaintiff "make out a violation of a constitutional right" and whether that right "was clearly established at the time of [Wilson's] alleged misconduct." Id. at 232 (quotation marks omitted). A right is clearly established if precedent places its existence beyond debate, such that only "the plainly incompetent or those who knowingly violate the law" are not shielded by qualified immunity. Kisela v. Hughes, 138 S. Ct. 1148, 1152, 200 L. Ed. 2d 449 (2018) (quotation marks omitted). In determining that right, we must keep in mind the Supreme Court's repeated directives "not to define clearly established law at a high level of generality" and instead conduct this analysis "in light of the specific context of the case." Mullenix v. Luna, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015) (quotation marks omitted).

Martin v. City of Newark, No. 18-1228, 2018 U.S. App. LEXIS 36686, at *8-9 (3d Cir. 2018).

5

There can be no serious argument that precedent has placed the existence of an independent constitutional right to be free from a reckless investigation beyond debate. As to this issue, the United States Court of Appeals for the Third Circuit held in Geness that:

> Although Geness purports to state a claim for reckless investigation under the Due Process Clause of the Fourteenth Amendment, such a claim, if cognizable, could only arise under the Fourth Amendment. See Manuel v. City of Joliet, 137 S. Ct. 911, 919, 197 L. Ed. 2d 312 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment."); accord Albright v. Oliver, 510 U.S. 266, 274, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (plurality opinion). Whatever doubts we may harbor as to the viability of such a claim, however, see Brooks v. City of Chi., 564 F.3d 830, 833 (7th Cir. 2009) (observing that "[a] plaintiff cannot state a due process claim by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment" (citations omitted)); Curley v. Vill. of Suffern, 268 F.3d 65, 70 (2d Cir. 2001) (stating that an officer need not "explore and eliminate every theoretically plausible claim of innocence" even if "an investigation might have cast doubt upon the basis for the arrest" (citations omitted)), we have no occasion to resolve them today. ... **[N]o such constitutional right was "clearly established" at the relevant time, as required to overcome qualified immunity.** Ashcroft v. Al-Kidd, 563 U.S. 731, 741, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011).

Geness, 902 F.3d at 354 n.5 (emphasis added).

Accordingly, the Court finds that Defendants would be entitled to judgment as a matter of law on a claim of reckless investigation under the Fourth Amendment. Further, assuming *arguendo* that Defendants would not be entitled to qualified immunity, the Court additionally finds that Defendants would be entitled to judgment as a matter of law on the merits of a reckless investigation under the Fourth Amendment.

### b.   Merits

As a preliminary matter, the factual basis for a claim against Defendant Shaffer, who did not conduct an investigation of Plaintiff, is wholly lacking. As to the claim against Defendant

6

Robbins, even when viewing the facts in the light most favorable to Plaintiff and drawing all reasonable inferences her favor, the Court finds that the evidence of record is such that no reasonable jury could find that Robbins acted intentionally or recklessly, in a manner that shocks the conscience, in failing to investigate Plaintiff's role in the subject accident.

In the Police Crash Report, Robbins details the steps he took in his investigation. ECF No. 45-4 at 72-80. He interviewed Plaintiff and Shaffer at the scene of the accident. Id. at 78-79. Shaffer stated he had his emergency lights and siren activated. Id. at 79. Robbins indicates that Thiry and an unnamed witness to the accident were interviewed by other police personnel. Id. Both of these witnesses reported that Shaffer had his lights and siren on as he traveled to the intersection. Id. Robbins further states that he reviewed dash camera footage of the incident, including the metadata included therein. Id. The footage indicated that Shaffer was using his lights and siren. Id. Robbins also states that he inspected the traffic lights and the preemptive emergency signal at the intersection and that all were operational. Id. at 78. A preemptive emergency signal can change the color of the traffic lights upon the approach of an emergency vehicle. ECF No. 43 ¶ 10.

In challenging Robbins's investigation, Plaintiff does not dispute the above-stated facts; instead, she questions the weight that Robbins gave to evidence obtained in his investigation. Plaintiff argues that because the preemptive emergency signal failed to change the light to green for Shaffer as he approached, but was in working order, Robbins should have known that Shaffer was not using a siren. ECF No. 48 at 4-5. She further argues that the dashcam footage was of limited value to the investigation because the audio did not engage until after the crash. Id. at 5.[1]

---

[1] In addition, she argues that this Court should disregard the dashcam footage reviewed by Robbins, because it is now unavailable. Id. at 5-6.

7

Finally, she argues that Shaffer should have discounted the eyewitness statements that Robbins had his siren on in light of contradictory evidence, including Plaintiff's statement. Id. at 6-7.[2]

In making her argument, Plaintiff concedes that Robbins had support for the conclusion he reached in his investigation, e.g., eyewitness accounts, Shaffer's statement, and audio from Shaffer's vehicle immediately following the crash. Plaintiff does not dispute that Robbins conducted an investigation which involved witness interviews, field testing and reviewing physical evidence. Ultimately, Plaintiff only disputes the conclusion reached by Robbins in light of conflicting evidence. However, this Court has reviewed the evidence of the scope and outcome of Robbins's investigation and finds that no reasonable jury could find that Robbins intentionally or recklessly, in a manner that shocks the conscience, failed to investigate Plaintiff's role in the subject accident. Accordingly, Defendants would be entitled to judgment as a matter of law on a claim of reckless investigation under the Fourth Amendment on this basis as well.

### c. Conclusion

In conclusion, it would be futile for Plaintiff to amend her Complaint to plead a claim of reckless investigation under the Fourth Amendment because Defendants would be entitled to judgment as a matter of law on such a claim on the basis of qualified immunity and on the merits. Accordingly, Plaintiff's request to do so is denied.

### B. Count V - Negligence

The sole remaining claim in this case is Count V, a state law claim of negligence. It is well-established that, where all claims over which the Court has original jurisdiction have been dismissed, the district court may decline to exercise supplemental jurisdiction over remaining

---

[2] In addition, Plaintiff argued that this Court "should disregard the use of [the unnamed] [eye]witness to prove that Defendant Shaffer had his siren on." Id. at 6. Whether Defendant Shaffer had his siren on is not a question before this Court.

8

state law claims. 28 U.S.C. § 1367(c)(3). Although declining to exercise jurisdiction is within the discretion of the district court, the United States Court of Appeals for the Third Circuit has held that, absent extraordinary circumstances, pendent jurisdiction should be declined where the federal claims are no longer viable. Shaffer v. Bd. of Sch. Dir. Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984) (citations omitted).

In this case, where Plaintiff's federal claims are no longer viable and no extraordinary circumstances warrant the exercise of supplemental jurisdiction over Plaintiff's state law claim, the Court declines to do so. Accordingly, Count V will be dismissed without prejudice to raise in state court. See Probst v. SCI Greene Med. Dept., Civ. A. No. 17-1014, 2018 U.S. Dist. LEXIS 73845, at *7 (W.D. Pa. Apr. 30, 2018).

## V. CONCLUSION

Defendants' Motion for Summary Judgment will be granted as to Count II. No amendment will be permitted. The Court will decline to exercise supplemental jurisdiction over Count V, which will be dismissed without prejudice to raise in state court. An appropriate order follows.

# **ORDER**

AND NOW, this 30th day of April, 2019, IT IS HEREBY ORDERED that the Motion for Summary Judgment filed by Defendants Brian Shaffer and Christopher Robbins, ECF No. 41, is GRANTED as to Count II. IT IS FURTHER ORDERED that Count V is dismissed without prejudice to raise in state court. The Clerk of Court is directed to mark this matter closed.

BY THE COURT:

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF